IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF FLORIDA
FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| ANDREA BELLITTO and <br> AMERICAN CIVIL RIGHTS UNION, <br> in its individual and corporate capacities <br> *Plaintiffs,* <br><br> v. <br><br> BRENDA SNIPES, in her official capacity <br> As the SUPERVISOR <br> OF ELECTIONS <br> of BROWARD COUNTY, FLORIDA <br><br> *Defendant.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 0:16-CV-61474-BB |

## DEFENDANT BRENDA SNIPES' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant BRENDA SNIPES, Supervisor of Elections for Broward County, Florida (hereinafter "Defendant") files this motion to dismiss for lack of subject-matter jurisdiction and motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively and as grounds therefore, states the following:

### I.   Background

1. Plaintiffs Andrea Bellitto and American Civil Rights Union (hereinafter "Plaintiffs") filed this lawsuit against Defendant in her official capacity as Broward County Supervisor of Elections. Plaintiffs' Complaint seeks injunctive and declaratory relief for alleged violations of the National Voter Registration Act ("NRVA"), 52 U.S.C. §§ 20507.

## II.     Argument

2.     Plaintiffs' Complaint alleges that Defendant Snipes violated § 20507 of the NRVA, 52 U.S.C. § 20507. See Plaintiffs' Complaint at pgs. 8-10. Additionally, Plaintiffs' Complaint alleges that Defendant Snipes violated § 21083 of the Help America Vote Act ("HAVA"), 52 U.S.C. § 21083.   See Id. at page 8 ¶ 28.   However, Plaintiffs do not seek relief under HAVA or assert that HAVA provides a basis for the Court's jurisdiction. Cf. Id. at ¶ 2. Neither NVRA nor HAVA provide Plaintiffs with a private right of action against Defendant Snipes. Further, neither of these statutes provide the District Court with subject-matter jurisdiction over the Plaintiffs' claims. Therefore, Defendant Snipes respectfully requests that the Court dismiss this lawsuit with prejudice.

### A.     National Voter Registration Act

3.     Section 20507 of the NVRA governs the administration of voter registration for elections for Federal offices.  See Id. § 20507.     It sets forth provisions applicable to the "State," which is defined to mean a State of the United States and the District of Columbia. Id. §§ 20507(a), 20502(4). The NVRA "centralizes responsibility in the state and in the chief elections officer, who is the state's stand-in." Scott v. Schedler, 771 F.3d 831, 839 (5th Cir. 2014) ("…the NVRA speaks in terms of the responsibilities of "each state." … This choice of words reflects a policy choice that responsibility should be centralized rather than fragmented.") (citing Harkless v. Brunner, 545 F.3d 445, 452 (6th Cir.2008), at 452 ("[T]he entire Act ... speaks in terms of state responsibilities; what is noticeably missing is any mention of county, municipal, or other local authorities.").

4.     Section 20507(a)(4) prescribes that each State shall "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the

official lists of eligible voters by reason of-- (A) the death of the registrant; or (B) a change in the residence of the registrant, <u>in accordance with subsections (b), (c), and (d)</u>." <u>Id</u>. § 20507(a) (4) (emphasis added).

5. Subsection 20507(b) generally provides that registered voters retain eligibility to vote in a federal election, unless they have failed to respond to a notice seeking to confirm eligible residency and have not voted in two consecutive general elections for federal office. See id. § 20507(b) (2).

6. Subsection 20507(d) includes provisions governing the types of state programs that may be implemented to remove the names of ineligible voters from the official lists of eligible voters. Particularly, Paragraph 2 of Subsection 20507(c) contains what is known as the "90 Day Provision." It generally prescribes that a State shall not conduct any program the purpose of which is to systematically remove the names of ineligible voters from the official lists of eligible voters later than 90 days prior to the date of a primary or general election for Federal office. <u>Id</u>. § 20507(2)(A); <u>See also, Arcia v. Florida Sec'y of State</u>, 772 F.3d 1335, 1345 (11th Cir. 2014) (holding that Florida program to systematically remove suspected non-citizens from the voter rolls within 90 days of a federal election violated the 90 Day Provision). Subparagraph 2(B) creates an exception to the 90 Day Provision, which allows states to conduct the following types of removals during the final 90 days before a federal election: (1) at the request of the registrant; (2) as provided by State law, by reason of criminal conviction or mental incapacity; and (3) upon death of the registrant. <u>Id</u>. § 20507(2) (B) (i). Subparagraph 2(B) also authorizes a State to engage in the correction of registration records pursuant to the NVRA during the final 90 days before a federal election. <u>Id</u>. § 20507(2) (A) (ii).

7. Subsection 20507(d) concerns the removal of names from voting rolls on the basis that the registrant has changed his or her residence. Id. § 20507(d). Like Subsection 20507(b), it generally provides that registered voters shall not be removed from a voting roll for a federal election unless they have either confirmed their changed residence or failed to respond to a notice seeking to confirm eligible residency and have not voted in two consecutive general elections for federal office. Id. § 20507(b) (2), (d) (2). Subparagraph (d) (2) prescribes the type of notice that shall be used for this purpose. Id. § 20507(d) (2). Further, subparagraph (d) (3) provides that "a voting registrar shall correct an official list of eligible voters in elections for Federal office in accordance with change of residence information obtained in conformance with this subsection." Id. § 20507(d) (3).

8. Subsection 20507(i) concerns the public disclosure of voter registration administration activities. It provides as follows:

> **(1)** <u>Each State shall maintain</u> for at least 2 years and shall make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters, except to the extent that such records relate to a declination to register to vote or to the identity of a voter registration agency through which any particular voter is registered.
>
> **(2)** The records maintained pursuant to paragraph (1) shall include lists of the names and addresses of all persons to whom notices described in subsection (d)(2) are sent, and information concerning whether or not each such person has responded to the notice as of the date that inspection of the records is made. Id. § 20507(i) (emphasis added).

9. As explained above, the NVRA centralizes responsibility in the state and in the chief elections officer, who is the state's stand-in. *Scott v. Schedler*, 771 F.3rd 839. Accordingly, Section 20509 prescribes that each State shall designate a State officer or employee as the chief State election official to be responsible for coordination of State

responsibilities under [the NVRA]. Id. § 20509. The State of Florida has designated the Secretary of State of the State of Florida ("Secretary") as the chief election officer of the State. See, Florida Statutes §97.012. The Secretary is required to obtain and maintain uniformity in the interpretation and implementation of the election laws. Id. §97.012(1). In performing this duty, the Secretary must provide uniform standards for the proper and equitable implementation of the registration laws. Id. Additionally, the Secretary is required to coordinate the state's responsibilities under the NVRA. Id., §97.012(7) Id. Further, the Secretary has authority to adopt regulations concerning the implementation of the voter registration laws Id. §97.012(1). Moreover, the Secretary has the authority to enforce the voter registration laws. Id. §97.012(14). Such enforcement includes the authority to order a supervisor of elections or other official performing duties with respect to the electoral processes to correct any offending conduct, and to seek enforcement of such order by injunction or mandamus. Therefore, the Secretary of State is this State's chief election official designated by the State to be responsible for the coordination of the State's responsibilities under the NVRA.[1]

10.   Section 20510 of the NVRA governs the civil enforcement of that statute and it provides in pertinent part:

> **(a) Attorney General**
> The Attorney General may bring a civil action in an appropriate district court for such declaratory or injunctive relief as is necessary to carry out this chapter.
>
> **(b) Private right of action**
> **(1)** A person who is aggrieved by <u>a violation of this chapter</u> may <u>provide written notice</u> of the violation <u>to the chief election official of the State</u> involved.

---

[1] In the case at hand, there was no refusal to permit inspection on the part of Defendant Snipes.

**(2)** <u>If the violation is not corrected</u> within 90 days after receipt of a notice under paragraph (1), or within 20 days after receipt of the notice if the violation occurred within 120 days before the date of an election for Federal office, <u>the aggrieved person may bring a civil action in an appropriate district court for declaratory or injunctive relief with respect to the violation.</u>

**(3)** If the violation occurred within 30 days before the date of an election for Federal office, the aggrieved person need not provide notice to the chief election official of the State under paragraph (1) before bringing a civil action under paragraph (2).

52 U.S.C. § 20510 (emphasis added).

11. The notice requirement for a private right of action in subsection 20510(b) is mandatory. <u>Scott v. Schedler</u>, 771 F.3d at 835. No standing is conferred if no proper notice is given. <u>Id</u>. (citing <u>Ga. State Conference of NAACP v. Kemp</u>, *841* F.Supp.2d 1320, 1335 (N.D.Ga.2012)).

12. The purpose of the notice requirement is to give the state the opportunity to remedy NVRA violations. <u>Scott v. Schedler</u>, 771 F.3d at 839. As explained above, the NVRA imposes obligations on the State of Florida, not local officials, and requires the designation of a chief State election official to be responsible for coordination of the State's responsibilities under that Act. Those provisions coupled with the provisions in Section 20510 requiring notice to the State's chief election official establish that the State of Florida and/or the Secretary are the only parties that may be subject to a civil enforcement action. Accordingly, private causes of action for alleged NVRA violations must be brought against the State and/or its chief election official. <u>See Scott v. Schedler</u>, 771 F.3d at 839 (holding that Louisiana's Secretary of State, who was chief election official with authority to enforce the NVRA with respect to state agencies, and was thus properly subject to suit alleging state agencies violated NVRA); <u>Arcia v. Florida Sec'y of State</u>, 772 F.3d 1335, (suit against

6

Florida Secretary of State) Voting for Am., Inc. v. Steen, 732 F.3d 382, 385 (5th Cir. 2013) (suit against Texas Secretary of State John Steen for alleged NVRA violations); Harkless v. Brunner, 545 F.3d 445, 453 (6th Cir. 2008) (holding that Secretary of State was proper party to sue for Ohio's alleged violations of the NVRA, in light of Ohio designating the Secretary as its chief election officer, and the plain language of the NVRA). Accordingly, a person may only bring a private cause of action alleging NVRA violations concerning an election in Florida for a federal office against the State and/or the Florida Secretary of State. Consequently, in order to have standing for such a claim, a person must provide the Secretary with pre-suit notice pursuant to § 20510 of the NVRA.

13. The NVRA is discrete from the Help America Vote Act (HAVA). See 52 U.S.C. §§ 20501 -- 20511 (NVRA); cf. id. §§ 20901 – 21145 (HAVA). The NVRA does not incorporate any violations of HAVA and does not authorize a private right of action for an alleged violation of HAVA. See id. § 20510. Moreover, HAVA by its terms does not create a private right of action. Rather, that statute provides two mechanisms for remedying grievances:

(1) a civil action brought by the Attorney General; and (2) in states receiving funds under HAVA, "[e]stablishment of State-based administrative complaint procedures," Id. §§ 21111, 21112(a). States that do not receive HAVA funds must either certify that they have a comparable administrative scheme or submit a detailed compliance plan showing "the steps the State will take to ensure that it meets the [statute's] requirements." Id. § 21112(b)(1)(B). The code sections containing these two procedures constitute a separate subchapter of HAVA titled "Enforcement." See id. §§ 21111, 21112.

14. Section 21083 of HAVA generally provides that, "each State, acting through the chief State election official, shall implement, in a uniform and nondiscriminatory manner, a single, uniform, official, centralized, interactive computerized statewide voter registration list defined, maintained, and administered at the State level that contains the name and registration information of every legally registered voter in the State and assigns a unique identifier to each legally registered voter in the State." Id. § 21083(a) (1) (A) (emphasis added). Subsection 21083(a) (2) includes provisions regarding the maintenance of the computerized statewide list. Particularly, it provides that, "[i]n general…The appropriate State or local election official shall perform list maintenance with respect to the computerized list on a regular basis." Id. § 21083(a) (2) (A) (emphasis added). For purposes of removing the names of ineligible voters from the computerized list, section 21083 prescribes that the "State shall coordinate the computerized list with State Agency records" on felony status and deaths. Id. § 21083(a) (2) (A) (ii) (emphasis added). Subsection 21083(a) (2) generally provides that the removal of individuals from a state's computerized statewide voter registration list shall be done so in compliance with the NVRA (e.g., voters shall not be removed from a voting roll for a federal election unless they have either confirmed their changed residence or failed to respond to a notice seeking to confirm eligible residency and have not voted in two consecutive general elections for federal office). See Id. §§ 20507(d), 21083(a) (2), (a) (4) (A). Nevertheless, subsection 21083(a) of HAVA may not be construed to have any effect on the NVRA. See id. § 21145. Therefore, an alleged violation of § 21083(a) of HAVA does not create, or provide any grounds for, a private right of action under NVRA.

### B.      Plaintiffs Complaint Should be Dismissed

15.     Plaintiffs' lawsuit should be dismissed because: (i) Plaintiffs have not alleged a cognizable claim over which the Court has subject-matter jurisdiction; and (ii) Plaintiffs failed to state a claim upon which relief can be granted.

16.     Plaintiffs' Complaint seeks injunctive and declaratory relief under the NVRA and asserts that this Court has jurisdiction pursuant to section 20510(b) of that Act and 28 U.S.C. § 1331.   See Complaint (Doc. 1) at ¶ 2. Plaintiffs seek no relief under the Constitution or any other federal law authorizing a civil action. Accordingly, Plaintiffs only claim jurisdiction under the NVRA. See Id.  However, Plaintiffs have not alleged a cognizable claim over which the Court has subject-matter jurisdiction and has failed to state a claim upon which relief can be granted, because Plaintiffs have no private right of action under the NVRA against the Defendant. As explained above, private actions for alleged NVRA violations must be brought against the State and/or its chief election official.  See e.g., Scott v. Schedler, 771 F.3d at 839. Nevertheless, Plaintiffs' lawsuit was not brought against the State of Florida or its Secretary. Rather, Plaintiffs sued the Broward County Supervisor of Elections. Because the NVRA does not authorize a private right of action against county officials, Plaintiffs' lawsuit fails to invoke the Court's subject-matter jurisdiction under that statute and also fails state a claim from which relief may be granted. As explained above, Plaintiffs' allegation that Defendant violated section 21083(a) of HAVA likewise fails to provide the Court with subject matter jurisdiction or any basis that states a claim for relief which can be granted. The NVRA does not authorize a private cause of action for an alleged

9

HAVA violation. Further, HAVA does not create a private right of action. Moreover, the U.S. Supreme Court has vacated a temporary restraining order directing. Ohio's Secretary of State to update the state's voter registration database, having concluded that the plaintiffs were not sufficiently likely to prove that HAVA § 303 (now section 21083) gave them a private right of action. Brunner v. Ohio Republican Party, 555 U.S. 5, 5-6 (2008). Therefore, Plaintiffs' lawsuit should be dismissed pursuant to Fed. R. Civ. P 12(b) (1) and (6).

17. Plaintiffs' lawsuit should be dismissed because Plaintiffs failed to also comply with the pre-suit notice requirements of section 20510(b). Plaintiffs' initiated this lawsuit without any notice being provided to the Florida Secretary of State. Particularly, Plaintiffs' Complaint alleges that Plaintiff American Civil Rights Union, sent a letter dated January 26, 2016 to Defendant Snipes (no copy of the letter or other exhibits were attached to the complaint that was served on Defendant) notifying her that Broward County was in apparent violation of Section 8 of the National Voter Registration Act. Id.

18. The Complaint makes no mention that a similar letter was sent by Plaintiff Andrea Bellito. Consequently, Plaintiff Andrea Bellitto failed to provide the mandatory pre-suit notice to Defendant and thus has no standing to pursue this lawsuit. *See Scott v. Schedler*, 771 F.3d at 835.

19. Additionally, even if a letter was intended to serve as pre-suit notice by Plaintiff American Civil Rights Union, it is pre-suit notice to the wrong person since it was not provided to the Florida Secretary of State, the chief election official of the State. Consequently, Plaintiff American Civil Rights Union also failed to comply with the mandatory pre-suit notice requirement in subsection 20510(b), and thus has no standing to pursue this lawsuit. Id. Because the question of standing implicates the court's subject

10

matter jurisdiction, that is, the courts' statutory or constitutional power to adjudicate a claim or dispute, courts apply the standards for a motion to dismiss pursuant to Rule 12(b)(1). See id; Doe v. Pryor, 344 F.3d 1282, 124 (11th Cr. 2003). Because Plaintiff lacks standing, this is one additional argument for the Court's dismissal of Plaintiffs' lawsuit for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P 12(b) (1).

20.     The Broward County Supervisor of Elections Office is a constitutional office and Defendant Snipes is a constitutional officer in one of sixty-seven counties within the State of Florida.  Broward County is a heavily Democratic County located in the Southern part of Florida.  All Supervisors of Elections are required to follow state law regarding list maintenance activities. Florida law tracks federal law. Voter eligibility information comes from State of Florida sources as acknowledged by Plaintiff in Paragraph 9, page 6 of the Complaint.  In said paragraph, Plaintiff does nothing more than rant about what they would like to see citing no legal authority or legal requirement on the part of Defendant Snipes. The Complaint fails to state a claim for which relief may be granted.

21.     Plaintiffs Complaint alleges that records have not been be made available for public inspection. In Paragraph 21 of Plaintiff's Complaint, however, it states that "the responses included several Certification of Eligibility Records Maintenance reports from 2010-2015." Emphasis added.  Even within Plaintiff's own Complaint, there is no basis for Count II that there was a failure to produce records data.  Additionally, Plaintiffs failed to attach any exhibits to the Complaint for which Defendant Snipes was served.  As, such, for this and all other reasons regarding records, Count II should be dismissed for Failure to State a Claim upon which relief may be granted.

11

### III. Conclusion

20. Plaintiffs' lawsuit should be dismissed because: (i) Plaintiffs have not alleged a cognizable claim over which the Court has subject-matter jurisdiction; (ii) Plaintiffs failed to state a claim upon which relief can be granted; and (iii) Plaintiffs' lack standing. Plaintiffs have no private right of action, and the Court has no subject-matter jurisdiction against Defendant Snipes for any alleged violations of the NVRA or HAVA. Further, Plaintiffs failed to comply with the NVRA's pre-suit notice requirement, and thus have no standing; i.e. no subject matter jurisdiction. Therefore, Plaintiffs' lawsuit should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b) (1) and 12(b) (6).

### IV. Prayer

21. For these reasons, Defendant requests that the Court grant this motion to dismiss for lack of subject-matter jurisdiction and motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) and deny all relief requested by the Plaintiffs.

Respectfully submitted,

*/s/ Burnadette Norris-Weeks*
Burnadette Norris-Weeks (Fla. 0949930)
BURNADETTE NORRIS-WEEKS, P.A.
401 North Avenue of the Arts
Fort Lauderdale, FL 33311
(954) 768-9770 (Telephone)
(954) 786-9790 (Facsimile)
bnorris@bnwlegal.com
paralegal@bnwlegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of July, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send notification of such filing (NEF) to the following:

William E. Davis (Fla. 191680)
Mathew D. Gutierrez (Fla. 0094014)
FOLEY & LARDNER LLP
Two South Biscayne Boulevard # 1900
Miami, FL 33131
(305) 482-8404 (telephone)
(305) 482-8600 (fax)
wdavis@foley.com
mgutierrez@foley.com

H. Christopher Coates
LAW OFFICE OF H. CHRISTOPHER COATES
934 Compass Point
Charleston, SC 29412
(843) 609-7080 (telephone)
curriecoates@gmail.com

J. Christian Adams
Joseph A. Vanderhulst
PUBLIC INTEREST LEGAL FOUNDATION
209 W. Main Street
Plainfield, IN 46168
(317) 203-5599 (telephone)
adams@publicinterestlegal.org
jvanderhhulst@publicinterestlegal.org

                                        */s/ Burnadette Norris-Weeks*
                                        Burnadette Norris-Weeks

IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| AMERICAN CIVIL RIGHTS UNION, § <br> in its individual and corporate capacities § <br> *Plaintiff*, § <br> § <br> vi. § <br> § <br> BRENDA SNIPES, in her official capacity § <br> As the SUPERVISOR § <br> OF ELECTIONS § <br> of BROWARD COUNTY, FLORIDA § <br> § <br> *Defendant*. § | Civil Action No. 7:16-cv-00103 |

## **ORDER ON MOTION TO DISMISS**

BE IT REMEMBERED, that on the _____ day of _____, 2016, came on to be considered Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Motion to Dismiss for Failure to State a Claim upon which Relief may Be Granted ("Motion"), made pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Court, having considered the Motion, the response and all pleadings on file in this case, is of the opinion that such Motion should be GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Motion to Dismiss for Failure to State a Claim upon which Relief May Be Granted is HEREBY GRANTED and all Plaintiffs' claims brought against Defendant are HEREBY DISMISSED with prejudice SIGNED on _____, 20____.

                                                _____
                                                UNITED STATES DISTRICT JUDGE