IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| ANDREA BELLITTO and<br>AMERICAN CIVIL RIGHTS UNION,<br>in its individual and corporate capacities,<br><br>*Plaintiffs*,<br><br>v.<br><br>BRENDA SNIPES, in her official capacity<br>as the SUPERVISOR OF<br>ELECTIONS of BROWARD COUNTY,<br>FLORIDA,<br>*Defendant*. | Civil Action No. 16-cv-61474 |

## FIRST AMENDED COMPLAINT

Plaintiffs, by their attorneys, bring this action for violations of Section 8 of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20507.

1. Plaintiffs seek declaratory and injunctive relief to compel Defendant's compliance with Section 8 of the NVRA. Specifically, Defendant has violated Section 8 by failing to conduct reasonable voter list maintenance for elections for federal office and by failing to produce records and data related to those efforts, as required by Section 8. Plaintiffs seek injunctive relief commanding Defendant to permit inspections of election records pursuant to 52 U.S.C. § 20507(i). Plaintiffs also seek a declaratory judgment and injunctive relief requiring Defendant to conduct and execute reasonable voter list maintenance programs to ensure that only eligible voters are registered to vote in Broward County, Florida.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the action arises under the laws of the United States. This Court also has jurisdiction under 52 U.S.C. § 20510(b), as the action seeks injunctive and declaratory relief under the NVRA.

3. Venue in this Court is proper under 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

4. Plaintiff American Civil Rights Union, Inc., ("ACRU") is a non-profit corporation, incorporated in the District of Columbia, which promotes election integrity, compliance with federal election laws, government transparency, and constitutional government. The ACRU has dedicated significant time and resources to ensure that voter rolls in Broward County are free from ineligible registrants, such as noncitizens, citizens who are no longer residents, and citizens who are registered in more than one location. Plaintiff ACRU brings this action in its individual and corporate capacities and also on behalf of its members and supporters who are registered to vote in the State of Florida.

5. Plaintiff Andrea Bellitto is a registered voter in Broward County and is a member of the ACRU. Ms. Bellitto shares ACRU's interest in the accuracy and currency of official lists of eligible voters in the State of Florida and in Broward County, as the accuracy and currency of these lists directly affects her right to vote.

6. Defendant, Brenda Snipes, the Supervisor of Elections of Broward County, Florida ("the Supervisor" or "Defendant"), holds an office created by Florida Statutes § 98.015.

7. Multiple Florida statutes vest power in Defendant to maintain voter rolls and place responsibility on Defendant to ensure that only eligible voters are on the rolls. Florida

2

4845-2344-5046.1

Statutes § 98.015(3) provides that the Supervisor "shall update voter registration information" and Section 98.045(1) provides for the administration of voter registration by the Supervisor. Section 98.075 describes the procedures whereby the Supervisor shall remove registrants who have been demonstrated to be ineligible.

## FACTUAL BACKGROUND

8.  Defendant has a federal obligation to maintain accurate and current voter rolls which contain the names of only eligible voters residing in Broward County. Federal law requires that "[t]he appropriate State or local election official shall perform list maintenance with respect to the computerized list on a regular basis . . . ." 52 U.S.C. § 21083(a)(2)(A). Moreover, Section 8 of NVRA requires Defendant to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of – (A) the death of the registrant; or (B) a change in the residence of the registrant . . . ." 52 U.S.C. § 20507(a)(4)(A)-(B). Local election officials such as Defendant are specifically obliged to carry out these list maintenance duties and remove ineligible voters from the rolls pursuant to 52 U.S.C. § 20507(d)(3).

9.  Section 8 of the NVRA also requires that Defendant shall "complete, not later than 90 days prior to the date of a primary or general election for Federal office, any program the purpose of which is to systematically remove the names of ineligible voters from the official lists of eligible voters." 52 U.S.C. § 20507(c)(2)(A). Section 8 of the NVRA mandates that any such list maintenance programs or activities "shall be uniform, nondiscriminatory, and in compliance with the Voting Rights Act of 1965 (52 U.S.C. § 10301 *et seq.*)." 52 U.S.C. § 20507(b)(1).

10. Also pursuant to Section 8 of the NVRA, Defendant "shall maintain for at least 2 years and shall make available for public inspection . . . all records concerning the

implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters. . . ." 52 U.S.C. § 20507(i)(1).

11.     According to publicly available data disseminated by the United States Census Bureau and the federal Election Assistance Commission, over the past several election cycles the voter rolls maintained by Defendant have contained either more total registrants than eligible voting-age citizens or, at best, an implausibly high number of registrants. According to this data, at the time of the 2014 general election, approximately 103% of the citizens of voting age were registered to vote and could cast a ballot in Broward County.

12.     This problem has persisted over several election cycles. According to U.S. Census Bureau and Election Assistance Commission data, at the time of the 2010 general election, approximately 106% of the citizens of voting age were registered to vote and could cast a ballot in Broward County.

13.     On information and belief, Defendant has been given reliable information regarding registered voters who have either died or no longer reside at the address listed in their registration and has taken no action to remove them as required by Florida Statutes § 98.075. On information and belief, in the Wynmoor community of Coconut Creek, for example, Defendant has received information regarding over 200 registered voters who have either died or who no longer reside in the community.

14.     Defendant is responsible for allowing this circumstance to occur and persist. By failing to implement a program which takes reasonable steps to cure these circumstances, Defendant has violated NVRA and other federal list maintenance statutes.

15.     As an integral part of its public interest mission, Plaintiff ACRU disseminates information about compliance by state and local officials with federal election statutes, including

election integrity statutes. A central activity of ACRU is to promote election integrity and compliance with federal and state statutes which ensure the integrity of elections. ACRU additionally equips volunteers for involvement at every stage of the electoral process and promotes legislative ideas that actively protect the rights of legitimate voters, regardless of their political party affiliation or station in life. Defendant's violation of NVRA has impaired and will impair ACRU from carrying out this mission and thus ACRU itself has been harmed by Defendant's noncompliance with the NVRA.

16.     As a registered voter and a member of ACRU who shares ACRU's public interest mission to protect election integrity, Ms. Bellitto is also harmed by Defendant's noncompliance with the NVRA. Defendant's failure to undertake reasonable efforts to remove ineligible voters from Broward County's voter rolls places Plaintiff Bellitto's vote at risk of dilution by the casting of a ballot by an ineligible registrant.

17.     The failure of the Defendant to comply with its obligations under federal voter registration laws has undermined the confidence of Florida's properly registered voters, including Plaintiff Bellitto, in the integrity of the voter registration rolls and, accordingly, has undermined the integrity of elections held across the State of Florida.

18.     On January 26, 2016, Susan Carleson, the President of the ACRU, writing on behalf of ACRU and its members and supporters who are registered to vote in the State of Florida, sent a statutory notice letter to Defendant notifying her that she was in violation of federal voter registration laws. (Attached as Exhibits A and C.) A copy was sent to the Florida Secretary of State. The notice letter informed Defendant that "your county is in apparent violation of Section 8 of the National Voter Registration Act (NVRA) based on our research." (Exhibit A at 1.) The letter explained that, "Based on our comparison of publicly available

5

information published by the U.S. Census Bureau and the federal Election Assistance Commission, your county is failing to comply with Section 8 of the NVRA." *Id*. The letter, among other things, stated: "In short, your county has an implausible number of registered voters compared to the number of eligible living citizens." *Id*.

19. One example of Defendant's failure to reasonably maintain voter rolls, but not the only example, is that Defendant undertakes absolutely no effort whatsoever to use data available from the Broward County Circuit Court Clerk obtained from jury excusal forms. This data identifies numerous Broward County residents who self-identify, under oath, that they are non-citizens or non-residents of Broward County. The data also identifies potentially obsolete mailing addresses of registrants. Other counties in Florida have arrangements whereby the Supervisor of Elections has provided information to the County Clerk regarding changes of address for potential jurors. Though potential jurors are drawn from the Florida Department of Transportation database, which includes both citizens and noncitizens, it would be simple to cross-check the excusal forms or other data regarding jurors who have moved, died, or declared non-United States citizenship to ensure that those persons are not on the voter registry.

20. The January 26, 2016 letter also sought a variety of publicly available information which would tend to indicate whether or not the Defendant was in compliance with NVRA and other federal laws. (Exhibit A at 2.) Among the data requested were current registration data, the numbers of voters purged pursuant to maintenance obligations, the number of notices sent to inactive voters, the number of voters removed due to criminal conviction, and the most recent number of registered voters. (Exhibit A at 2.)

21. The January 26, 2016 letter also requested that the Defendant make available for public inspection all records concerning "the implementation of programs and activities

conducted for the purpose of ensuring the accuracy and currency" of official lists of eligible voters, explaining that Defendant was required to make such records available under Section 8 of the NVRA. (Exhibit A at 2 (quoting 42 U.S.C. § 1973gg-6(i)(1)).)

22.     The January 26, 2016 letter also notified Defendant that a lawsuit may be brought against it to ensure compliance with the requirements of federal voter registration laws. (Exhibit A at 2.)

23.     Defendant responded to the notice letter by way of a letter dated February 8, 2016. (Exhibit B.) In that letter, Defendant stated that "[a]t no time during my tenure, which began in November 2003, has the number of registered voters outnumbered the live *persons* residing in Broward County." (Exhibit B at 2 (emphasis added).) The response also asserts that it is "implausible" that there are too many people on the rolls because Broward County "adheres strictly" to the Florida voter list maintenance programs. (Exhibit B at1.) The response included several Certification of Eligibility Records Maintenance reports from 2010-2015. Significantly, over the past five years, only eighteen persons have been removed from the rolls for not being a U.S. citizen. According to the American Community Survey, the noncitizen population of Broward County in 2014 was estimated at 256,430, which amounts to over 13% of the total population. The response did not provide all of the other information requested in ACRU's letter.

24.     A representative of the Plaintiffs had a conference call with Defendant on April 5, 2016, in order to set up a meeting to discuss remedial steps and the current status of the rolls. Defendant declined to set up such a meeting.

25.     Plaintiff ACRU has spent considerable time and financial resources in an effort to improve voter rolls in Broward County, which contain more total registrants than eligible

7

citizens who reside in Broward County. Among its efforts has been a newspaper awareness campaign to call on Defendant to take remedial steps and to raise awareness among the public.

26.     Defendant's failure to take reasonable efforts to remove ineligible voters from the registration rolls in Broward County, including accessing readily available data regarding domicile and citizenship of Broward County residents, frustrate, impede, and harm the efforts of ACRU and its members, including Plaintiff Bellitto.

## COUNT I

### (Violation of the NVRA: Failure to Conduct List Maintenance)

27.     Plaintiffs reallege paragraphs 1 through 26 as if fully stated herein.

28.     Defendant has failed to make reasonable efforts to conduct voter list maintenance programs, in violation of Section 8 of NVRA, 52 U.S.C. § 20507 and 52 U.S.C. § 21083(a)(2)(A).

29.     Plaintiffs have suffered an irreparable injury as a direct result of Defendant's violation of Section 8 of the NVRA and 52 U.S.C. § 21083(a)(2)(A). Defendant's failure to comply with the NVRA has aggrieved Plaintiff ACRU by impairing its essential and core mission of fostering compliance with federal election laws, promotion of election integrity, and avoiding vote dilution when ineligible voters participate in elections. Defendant's failure to comply with the NVRA has caused the Plaintiff ACRU pecuniary injury.

30.     Plaintiff ACRU, as well as its members and supporters in Florida, including Plaintiff Bellitto, will continue to be injured by Defendant's violations of Section 8 of the NVRA because confidence in the legitimacy of elections in Florida will be undermined and burden their right to vote unless and until Defendant is enjoined from continuing to violate the law.

31.     Plaintiffs have no adequate remedy at law.

4845-2344-5046.1

## COUNT II

### (Violation of the NVRA: Failure to Produce Records and Data)

32.     Plaintiffs reallege paragraphs 1 through 31 as if fully stated herein.

33.     Defendant has failed to respond adequately to Plaintiffs' written request for data, failed to produce or otherwise failed to make records available to Plaintiffs concerning Defendant's implementation of programs and activities for ensuring the accuracy and currency of official lists of eligible voters for Broward County, in violation of Section 8 of the NVRA, 52 U.S.C. § 20507(i). *See Project Vote v. Long*, 682 F.3d 331, 334-35 (4th Cir. 2012) (noting that the NVRA requires local election officials to provide such data to the public). Defendant has rebuffed efforts to meet to discuss and implement remedial plans to cure this violation.

34.     Plaintiffs have suffered an irreparable informational injury as a direct result of Defendant's violation of Section 8 of the NVRA because the Plaintiffs do not have the data and records requested. The NVRA confers upon Plaintiffs a right to information, and by denying that information to Plaintiffs, Defendant caused a concrete injury to Plaintiffs.

35.     Plaintiffs will continue to be injured by Defendant's violations of Section 8 of the NVRA unless and until Defendant is enjoined from continuing to violate the law.

36.     Plaintiffs have no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for a judgment:

1.      Declaring that Defendant is in violation of Section 8 of the NVRA;

2.      Ordering Defendant to implement reasonable and effective registration list maintenance programs to cure failures to comply with Section 8 of the NVRA and ensure that non-citizens and ineligible registrants are not on the Defendant's rolls;

4845-2344-5046.1

3. Ordering Defendant to substantively respond to Plaintiffs' written request for records concerning her implementation of programs and activities to ensure the accuracy and currency of Broward County's voter registration list and provide access to election records;

3. Ordering Defendant to pay Plaintiffs' reasonable attorney's fees, including litigation expenses and costs, pursuant to 52 U.S.C. § 20510(c); and

4. Granting Plaintiffs further relief that this Court deems just and proper, including potential preliminary injunctive relief to ensure that the 2016 Florida statewide general election is not conducted in Broward County using voter rolls with ineligible registrants.

4845-2344-5046.1

Dated: August 4, 2016                           Respectfully submitted,

For the Plaintiffs:

                                       /s/ Mathew D. Gutierrez
William E. Davis (Fla. 191680)
Mathew D. Gutierrez (Fla. 0094014)
FOLEY & LARDNER LLP
Two South Biscayne Boulevard
Suite 1900
Miami, FL 33131
(305) 482-8404 (telephone)
(305) 482-8600 (fax)
wdavis@foley.com
mgutierrez@foley.com

H. Christopher Coates*
LAW OFFICE OF H. CHRISTOPHER COATES
934 Compass Point
Charleston, SC 29412
(843) 609-7080 (telephone)
curriecoates@gmail.com

J. Christian Adams*
Joseph A. Vanderhulst†
PUBLIC INTEREST LEGAL FOUNDATION
209 W. Main Street
Plainfield, IN 46168
(317) 203-5599 (telephone)
(888) 815-5641 (fax)
adams@publicinterestlegal.org
jvanderhulst@publicinterestlegal.org

* *Pro Hac Vice application to be filed*
† *Admitted Pro Hac Vice*

11

**CERTIFICATE OF SERVICE**

I hereby certify than on August 4, 2016, I caused the foregoing to be filed with the United States District Court for the Southern District of Florida via the Court's CM/ECF system, which will serve all registered users, including:

Burnadette Norris-Weeks (Fla. 0949930)
BURNADETTE NORRIS-WEEKS, P.A.
401 North Avenue of the Arts
Fort Lauderdale, FL 33311
(954) 768-9770 (Telephone)
(954) 786-9790 (Facsimile)
bnorris@bnwlegal.com
paralegal@bnwlegal.com

    /s/ Mathew D. Gutierrez
Mathew D. Gutierrez

4845-2344-5046.1