UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-61474-BLOOM/Valle

ANDREA BELLITTO and
AMERICAN CIVIL RIGHTS UNION,

    Plaintiffs,

v.

BRENDA SNIPES, in her official capacity
as the Supervisor of Elections of
Broward County, Florida,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon 1199SEIU United Healthcare Workers East's ("United") Motion to Intervene, ECF No. [23] (the "Motion). Pursuant to Federal Rule of Civil Procedure 24, United seeks to intervene in this matter as of right, or, in the alternative, with this Court's permission. Plaintiffs Andrea Bellitto and the American Civil Rights Union (collectively, "Plaintiffs") do not oppose the Motion, nor does Defendant Brenda Snipes, in her official capacity as the Supervisor of Elections of Broward County, Florida ("Defendant"). For the reasons stated below, the Motion is granted.

Rule 24 provides:

**(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:

    **(1)** is given an unconditional right to intervene by a federal statute; or
    **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

**(b) Permissive Intervention.**

> **(1)** *In General.* On timely motion, the court may permit anyone to intervene who:
>> **(A)** is given a conditional right to intervene by a federal statute; or
>> **(B)** has a claim or defense that shares with the main action a common question of law or fact.
>
> \*\*\*
>
> **(3)** *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24.

United is a labor union that represents approximately 25,000 healthcare workers and an additional 7,400 retired members in the state of Florida. United asserts that in the past, some of United's members and its families were included on lists of eligible voters to be purged by Florida election officials, including during the 2012 election period when United's members were "improperly included on lists of voters to be purged in violation of the [National Voting Rights Act ("NVRA")]." Mot. at 2. In 2014, the Eleventh Circuit upheld a finding that United had both organizational and associational standing to challenge Florida's list-maintenance procedures in *Arcia v. Florida Sec'y of State*, 772 F.3d 1335, 1341-42 (11th Cir. 2014).

United maintains that it is entitled to intervene in this action as of right because any resolution of this matter will necessarily impact its interests in ensuring that Broward County's list maintenance activities comply with the NVRA. In this Circuit,

> [a] party seeking to intervene as of right under Rule 24(a)(2) must show that: (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit.

*Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989).[1] The Court finds that all conditions have been satisfied for United to intervene as of right in this matter.

A district court, whether considering intervention as of right or by permission, must consider four factors in assessing timeliness, including

> (1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*United States v. Jefferson Cty.*, 720 F.2d 1511, 1516 (11th Cir. 1983).

This case was initially filed on June 27, 2016. ECF No. [1]. Defendant filed a Motion to Dismiss on July 20, 2016, and Plaintiffs filed their First Amended Complaint on August 4, 2016, followed by Defendant's Second Motion to Dismiss on August 18, 2016. ECF Nos. [10], [12], and [16]. The Second Motion to Dismiss became ripe on September 16, 2016. ECF No. [22]. According to United, it moved to intervene "as soon as it became clear from Defendant's Second Motion to Dismiss that [United's] interests would not be adequately represented" and it could not have reasonably known what Defendant's defense would be prior to the filing of the Motion to Dismiss. Mot. at 5. Indeed, United moved to intervene approximately one month after Plaintiffs filed their Amended Complaint and only one business day after the Second Motion to Dismiss became ripe. Further, the Court finds that the existing parties would not be significantly prejudiced by intervention as this case has not progressed beyond the initial pleading stage. Nor

---

[1] "A party seeking to intervene under Rule 24(b)(2) must show that: (1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common. The district court has the discretion to deny intervention even if both of those requirements are met, and its decision is reviewed for an abuse of discretion." *Id.*

does the Court finds any unusual circumstances militating against intervention. Accordingly, it appears that United's Motion is timely.

With regard to United's interest in the matter as well as any potential impediment against protecting that interest, United asserts that its interest and the interests of its members would be threatened by the court-ordered "voter list maintenance" sought by Plaintiffs in Count I of their Amended Complaint, which United maintains could itself violate the NVRA. United avers that this potential harm is particularly great in light of the upcoming 2016 General Election. United also argues that Defendant may not adequately protect United's interests. Specifically, as an elected official, Defendant's interests and interpretation of the NVRA may not be aligned and its reasons for seeking dismissal of Count I are different. *See Chiles*, 865 F.2d at 1214-15 (stating that intervention "should be allowed . . . unless it is clear that [the party] will provide adequate representation" and determining that a county may have different concerns than potential intervenor detainees); *Clark v. Putnam Cty.*, 168 F.3d 458, 461–62 (11th Cir. 1999) (holding that county representatives, who represent all county citizens, including both plaintiffs and the proposed defendant-interveners, reflect an interest distinct from that of the proposed intervenors).

The Court finds that all required conditions have been met for United to intervene in this action as of right pursuant to Fed. R. Civ. P. 24(a). Accordingly, it is **ORDERED AND ADJUDGED** that United's Motion to Intervene, **ECF No. [23]**, is **GRANTED**. United shall separately file its response to Plaintiffs' Complaint on or before **September 21, 2016**. Plaintiffs shall file their response to any motions filed by United on or before **October 5, 2016**. United shall file its reply on or before **October 12, 2016**.

Case No.  16-cv-61474-BLOOM/Valle

**DONE AND ORDERED** in Miami, Florida, this 20th day of September, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record